IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOE RICHARD VILLARREAL, § | | |
| *Plaintiff,* § | | |
| § | CIVIL ACTION NO. | |
| § | | |
| VS. § | | |
| § | | |
| WILLACY COUNTY SHERRIF'S § | | |
| DEPARTMENT, § | | |
| *Defendant* § | (JURY REQUESTED) | |

**PLAINTIFF JOE RICHARD VILLARREAL'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT COURT:**

**COMES NOW, JOE RICHARD VILLARREAL,** (hereinafter referred to as Plaintiff) complaining of **WILLACY COUNTY SHERRIF'S DEPARTMENT** (hereinafter referred to as the "Defendant" or the "Defendant employer") and for such causes of action would respectfully show unto the Court and the Jury as follows:

**I.**
**Parties**

1. Plaintiff, JOE RICHARD VILLARREAL, is an individual residing in Pharr, Hidalgo County, Texas.

2. Defendant WILLACY COUNTY SHERRIF'S DEPARTMENT is a governmental entity and may be served by serving its sheriff, as follows:

Hon. Larry G. Spence
**WILLACY COUNTY SHERIFF'S DEPARTMENT**
**1371 Industrial Dr.**
**Raymondville, Texas 78580**

## II.
## Venue and Jurisdiction

3. Venue is proper in the United States District Court of Texas-Brownsville Division Venue pursuant to 28 U.S.C. §1391.

4. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.

## III.
## Administrative Procedures

5. Within 300 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission alleging that the Defendant had committed unlawful employment practices against the Plaintiff in violation of Title VII, 42 U.S.C. § 2000e, *et. seq.,* commonly referred to as the Civil Rights Act of 1964, as amended in 1991 and 29 U.S.C. § 623, *et seq.*, commonly referred to as the Age Discrimination in Employment Act ("ADEA")

The formal charge and the "Dismissal and Notice of the "Right to File Civil Action Letter" were filed and received as follows:

| | |
|---|---|
| Formal Complaint Filed: | September 1, 2016 |
| Notice of Right to File A Civil Action Letter Received: | October 28, 2016 |

6. On October 28, 2016, Plaintiff received from the United States Equal Employment Opportunity Commission, Plaintiff's Dismissal and Notice of Rights letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff's statutory claims were filed within ninety days of its receipt. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## IV.
## Factual Background

7. Plaintiff Joe Richard Villarreal, on or about December 19, 2008, was initially hired as a Patrol Deputy by the Willacy County Sheriff's Department. At the end of his employment, Plaintiff was earning approximately $34,000.000 annually, plus fringe benefits. During Plaintiff's employment with the Sheriff's Department, he performed all of his duties with dedication, hard work and loyalty.

8. During his employment, Plaintiff was a target of age discrimination as well as retaliated against by his supervisor Sgt. Mark Garcia. Sgt. Garcia discriminated and retaliated against David Guzman and wanted to get him fired. On several occasions, he asked Plaintiff to help him get this accomplished. Plaintiff refused to be an accomplice. Plaintiff began to experience disparate/discriminatory treatment and a hostile work environment after not having assisted with discriminatory, retaliatory and other illegal workplace activity against David Guzman.

9. In February, 2015, Plaintiff was wrongfully reprimanded for having used his cell phone instead of his radio to check out with the dispatcher for his meal break. Two weeks after Plaintiff's reprimand, Sgt. Garcia and two other deputies who were younger (Deputy Taliache and Deputy Angel Romero) did the exact same thing as Plaintiff, had but were not disciplined.

10. In or around August, 2015, Plaintiff was wrongfully placed on probation for not having his bullet proof and traffic vests on while out working an accident scene. However, others out there with him, that were younger, also working the scene, were not wearing their vests, yet were not placed on probation nor received any type of discipline.

11. On another occasion, Plaintiff had worked security detail without having informed his supervisor and was disciplined. Yet another younger individual who worked the very same detail as Plaintiff had, and who also did not inform his supervisor did not get punished. On various occasions during disturbance calls, Plaintiff would be the first and only deputy to report to the location without any backup. The Cpl. and deputies, who were younger, who failed to respond, received no write-ups nor

discipline of any kind. In or around November, 2015, there was a disturbance call and three deputies had already reported to the scene. Since there were already three deputies on the scene, Plaintiff did not go.

12. A week later, Plaintiff was called into the office by Sgt. Mark Garcia and was handed termination forms. The following day, Plaintiff spoke to the Sheriff and advised him of all the wrongdoing that had been going on and was still occurring. He offered Plaintiff a disciplinary hearing and he asked him where he would be placed once that was concluded. Plaintiff was told that he would continue his current position as Patrol Deputy. However, Plaintiff would be working alongside, his original crew and under the supervision of Sgt. Garcia who originally terminated him. After much consideration, Plaintiff began to realize that by returning to his original position with the same crew and supervisor, he would be returning to a hostile work environment and would continue to experience discrimination, disparate and retaliatory treatment in the workplace.

13. The disciplinary hearing that the Sheriff advised him would take place, never occurred. He had not taken the proper procedures to move forward with a hearing. Therefore, Plaintiff spoke with the Chief Deputy Jose Jimenez and expressed his concerns. His response was that he could simply resign. When Chief Deputy Jimenez stated this to him, Plaintiff felt he was being forced out and constructively discharged by insinuating Plaintiff simply resign. Plaintiff felt coerced to resign otherwise the mistreatment would only continue.

14. Plaintiff became aware by Deputy Vicente Trevino that Sgt. Mark Garcia had also approached him a year prior and requested that he keep an eye out on Plaintiff and report of any wrongdoings on Plaintiff's part in an effort to get rid of him. Sgt. Garcia also commented to Deputy Trevino, that Plaintiff was "too old to do the job". Because, Deputy Trevino, did not obey his request, he too faced disparate and retaliatory treatment by Sgt. Garcia.

15. On or November 11, 2015, Plaintiff was wrongfully terminated/constructively discharged for complaining to Chief Deputy Jimenez regarding the wrongful disciplinary actions taken

against him and violations of Title VII of the Civil Rights Act. During Plaintiff's employment, he was subjected to age discrimination, retaliation and other forms of illegal workplace activity.

## V.
## Causes of Action

**Violations of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act ("ADEA"), as amended.**

16. Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background*.

17. Plaintiff alleges that he was discriminated against due to his age (57; DOB: 10/04/1958).

18. On or about November 11, 2015, Plaintiff was unlawfully terminated discharged by members of Defendant's management due to discriminatory reasons and due to the culmination of discriminatory conduct directed against him by the Defendant.

19. Plaintiff asserts that a motivating or determining factor in his unlawful termination was because he was discriminated against in violation of Title VII of the Civil Rights Act of 1964 as amended on account of his age (57; DOB: 10/04/1958) and the Age Discrimination in Employment Act ("ADEA").

20. The Defendant, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff on account of his age (57; DOB: 10/04/1958).

21. As such, Plaintiff, falls within a protected class under the Title VII of the Civil Rights Act of 1964 as amended and the Age Discrimination in Employment Act ("ADEA").

22. Further, Plaintiff alleges that the wrongful termination by the Defendant employer was a form of retaliation because of his complaints of discrimination and wrongful termination.

23. As a result of the discriminatory treatment, his ultimate termination and/or the acts described herein, Plaintiff has suffered damages as further alleged in this Complaint.

## VI.
## Actual Damages

24. As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**A.   Lost Earnings and Special Damages**

25. At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful conduct and corresponding acts of the Defendant employer, Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful conduct and corresponding acts of the Defendant employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, and fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

**B.   Past and Future Mental Anguish**

26. As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages. The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further suffered ill-health effects including, but not limited to, agitation, restlessness, sleeplessness, depression and/or loss of self-esteem due to the discriminatory treatment and/or his illegal termination or wrongful discharge. In all reasonable probability, Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages for a long time into the future, if not for the balance of his natural life.

## VII.
## Attorney's Fees

27. By reason of the allegations of this Complaint and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant employer will appeal this case. Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## VIII.
## Exemplary Damages

28. The conduct of the Defendant as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## IX.
## Demand for Trial by Jury

29.   Plaintiff, by and through his attorney of record make and file this demand for Trial by Jury in the above styled and numbered cause.  Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **JOE RICHARD VILLARREAL** prays that this Honorable Court grant the following:

(1)   Judgment against the Defendant, **WILLACY COUNTY SHERRIF'S DEPARTMENT** for the Plaintiff's actual damages;

(2)   Punitive damages;

(3)   Attorney's fees;

(4)   Pre-judgment interest allowed by law;

(5)   Interest on said judgment at the legal rate from the date of judgment;

(6)   For costs of suit herein; and

(7)   For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

**THE LAW OFFICES OF
CINDY A. GARCIA, P.C.**
200 N. 12th Ave., Suite 102
Edinburg, Texas 78541-3503
Telephone: (956) 412-7055
Facsimile: (956) 412-7105
thegarcialawfirm@gmail.com
cluna.garcialaw@gmail.com

By: /s/ cindy a. garcia
    Cindy A. Garcia
    State Bar No. 07631710
    Federal ID No. 58460

**ATTORNEY FOR PLAINTIFF
JOE RICHARD VILLARREAL**